The Honorable Fletcher Long, Jr. Prosecuting Attorney First Judicial District P.O. Box 989 Forrest City, AR 72335-0989
Dear Mr. Long:
This is in response to Deputy Prosecuting Attorney Bill R. Miller's request for an opinion concerning the Fair Oaks Fire Protection District ("District"). Mr. Miller has set forth certain facts involving the District and has included several enclosures with his request, including ordinances from Woodruff and Cross Counties purporting to establish the District and copies of minutes from several Woodruff County Quorum Court meetings. A protest has apparently been lodged by residents of the District who are opposed to the so-called "fee or tax" levied in the District and who do not want the fire protection. Mr. Miller has presented the following questions on behalf of the Quorum Court of Woodruff County:
 1. Can the ordinance be rescinded by the quorum court by vote at a regular quorum court meeting?
 2. Would more information be necessary for your office to issue an opinion on this matter, such as the exact percentage of persons by land value for rescission of the tax, the financial obligations of the Fair Oaks Fire Department, and other related information?
 3. If the majority in value, as defined in the Arkansas Code sections related to fire improvement districts, were for rescission of the tax, would a vote by the persons in the district be necessary, and if so, what method should be used in determining persons entitled to vote on that issue?
It must be initially noted in addressing the first question that as stated by Mr. Miller, neither of the ordinances clearly sets forth the particular Arkansas Code section under which the District was established. The ordinances refer to "Ark. Code Ann. 14-84-204," which does not exist. Because there is no reference in the facts provided to a petition of property owners or an election for establishment of the District, I assume that the applicable provision is actually A.C.A. § 14-284-204 (providing for the establishment of a fire protection district by quorum court ordinance).
With regard to the first question, it is my opinion that any action taken by the quorum court in an effort to repeal the ordinance would not have the effect of rescinding the fee, nor would it serve to dissolve the District (assuming that the District was, in fact, established in accordance with law and that the fee was properly levied).[1] Dissolution of a fire protection district established under A.C.A. § 14-284-201 etseq. is governed by § 14-284-222, which requires a majority vote of the qualified electors of the district.[2] See
Op. Att'y Gen. 91-328 (copy enclosed). Rescission of the fee would, additionally, in all likelihood have to be accomplished through dissolution of the District. With regard to the fee, it should be noted that the power and authority to make assessments of benefits against real property in a fire protection district are vested in the board of commissioners of the district. See
A.C.A. §§ 14-284-108 and 14-284-211. The power to reassess and extend the assessment upon the tax books is a continuing power as long as a district continues to exist. A.C.A. §§ 14-284-112(c)(1) and 14-284-215(c)(1). While it may reasonably be concluded that the board of commissioners, depending upon the circumstances, would have the power to suspend the assessment, the quorum court does not have that power. And the actual rescission or repeal of the assessment would, it seems, only occur through dissolution of the district which, as noted above, cannot be accomplished by action of the quorum court.
In response to the second question, the above response offers general guidance in addressing the necessary factual questions concerning this District. I am not certain that providing additional information to this office would be helpful, because it seems that the key issues are factual in nature. I lack the resources and the authority to act as a factfinder in resolving such matters. I will, of course, in as timely a manner as possible, address the attendant legal issues as they are presented. Please note in this regard that I have enclosed a copy of Attorney General Opinions 92-309 and 88-023, which address the formation of fire protection districts generally, as well as several specific questions involving such districts. These opinions should offer additional guidance in considering this matter.
The final question will, again, require an initial factual determination regarding the District's formation. As stated above, rescission of the benefits assessment would probably have to be accomplished through dissolution of the District. The Code sections governing dissolution are set out above in response to the first question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] It appears that several questions remain regarding the District's formation; and ultimately, those fact questions must be resolved before there can be any conclusive determination with regard to the levy of a fee or the continued existence of the District. This type of factual inquiry cannot be undertaken in an opinion from this office.
[2] Districts established under A.C.A. § 14-284-101 et seq.
may be dissolved by petition of the owners of a majority in value of the real property in the district. A.C.A. § 14-284-118.